## LANDRESS v. PHŒNIX MUT. LIFE INS. CO. et al.

### No. 6238.

Circuit Court of Appeals, Sixth Circuit.

June 6, 1933.

W. L. Frierson, of Chattanooga, Tenn. (R. H. Williams and R. P. Frierson, both of Chattanooga, Tenn., on the brief), for appellant.

Vaughn Miller, of Chattanooga, Tenn., for appellee Phœnix Mut. Life Ins. Co.

J. F. Finlay, of Chattanooga, Tenn., for appellee Travelers' Ins. Co.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Florence Samuels Landress, widow of Thomas L. Landress, brought separate suits against appellees, Phœnix Mutual Life Insurance Company and Travelers' Insurance Company. That against the Phœnix Company was upon two similar insurance policies which provide double indemnity only in the event that insured's death resulted "directly and independently of all other causes, from bodily injuries effected solely through external, violent and accidental causes * * *." The Phœnix Company contested double liability. The suit against the Travelers' Company was upon a single policy which provided for insurance against loss resulting only from "bodily injuries, effected directly and independently of all other causes, through external, violent and accidental means * * *."

The declarations in both cases are similar and embrace four counts. The principal averments upon which appellant relies are contained in the first and third counts. The second and fourth vary in expression but do not differ so materially from the first as to require or justify separate consideration. The third paragraph of the first counts alleges that: "The death of plaintiff's said husband occurred under the following circumstances. He was accustomed to play and did frequently play golf in the afternoon dur-

ing the summer months. On the afternoon of August 5, 1930, he was in his usual good health and not suffering from any disease or any mental or physical infirmity, and was playing golf as he often did when the weather was such as it was on that day, and as many others did without injury on the afternoon and on the same golf links. But while so playing, he was suddenly and unexpectedly overcome by the force of the sun's rays upon his head and body and died within an hour or two." And the third count(s) after adopting the first, second, and third paragraphs of the first counts, contain the following additional averments: "At the time plaintiff's said husband received the injury which resulted in his death, there was, but unknown to him, a temporary disorder or condition in his body, not amounting to a mental or physical infirmity within the meaning of the policies, which for the time being rendered him more than ordinarily sensitive to the heat of the sun. This temporary and unknown condition intervened between his intentional act in playing golf, which he intended and expected to perform safely and which others did perform safely at the same time and place, and the injury which followed."

The cases were consolidated in the District Court. Appellees demurred to all the counts in each declaration except the third and moved to make the third more specific, or, in the alternative, to strike the second paragraphs thereof. These motions to make the third counts more specific were sustained. Thereupon appellant announced that she was unable to comply with the order and by consent the motions to strike were treated as demurrers embracing all the grounds of demurrer to the first, second, and fourth counts. The demurrers of each defendant are similar and each contains eleven grounds. Both were sustained by the court. The essence of the one as to the Phœnix policy was that the declaration showed upon its face that the insured's death did not result "directly and independently of all other causes, from bodily injuries effected solely through external, violent and accidental causes"; and as to the Travelers' policy that the declaration showed upon its face that the insured's death did not result "from bodily injuries, effected directly and independently of all other causes, through external, violent and accidental means * * *."

Upon the averments of the first, second, and fourth counts of the declarations we think it is clear that the case must be ruled by Nickman v. New York Life Ins. Co., 39 F. (2d) 763 (C. C. A. 6). These counts disclose

that the operating cause of insured's death was his voluntary exposure to the heat of the sun while playing golf. The high temperature was natural and not accidental and it is not alleged that the insured's acts and conduct upon the golf course were other than what he intended.

The averments of the third counts present the cases in a somewhat different aspect.

As to the Phœnix policies the averment was that the "accidental cause" of death was the unknown, temporary condition of the insured's body which rendered it supersensitive to the heat of the sun. As to the Travelers' policy it was similar, except reference was made to the "accidental means" by which death was effected rather than the accidental cause of death. The averments were similar as to all three policies that this condition was an external and violent cause or means of death; but there was no allegation that the insured's idiosyncrasy was accidental or that it was produced by other than a natural cause. It is stated that the insured's peculiar physical condition intervened between his act in playing golf and the injury which followed, but this is not sufficient. These third counts of the declarations wholly fail to allege, and we think could not consistently aver, that the insured's temporary disorder was a mischance, "slip or misstep" in the acts or conduct of insured while playing golf in a high temperature. Conceding that the disorder was a mishap, it did not in any way alter or interfere with the insured's voluntary course of conduct while playing. It was simply a condition and if it had not existed we must assume that the insured would not have died; but it was not the accidental operating cause of his death nor the accidental means which brought it about.

We think the case must be controlled by United States Mutual Accident Ass'n v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60, as interpreted and construed by Maryland Casualty Co. v. Massey, 38 F.(2d) 724, 725, 71 A. L. R. 1428 (C. C. A. 6), and Pope v. Prudential Ins. Co., 29 F.(2d) 185, 187 (C. C. A. 6). See, also, Nickman v. New York Life Ins. Co., supra; Order of United Commercial Travelers of America v. Shane, 64 F. (2d) 55, 59 (C. C. A. 8).

Some of the cases which adopt a contrary view have been considered and analyzed in the Massey, Pope, and Nickman Cases, herein cited. A further discussion of them could add nothing of value.

Finally, if we could construe the third counts of the declarations as averring that the

hyper-susceptibility of the insured's body to excessive temperature was the accidental cause of his death, we are still confronted with the proposition that such was not the independent cause of death or independent means through which it was effected. Hesse v. Travelers Ins. Co., 299 Pa. 125, 129, 149 A. 96. Nor was it a violent and external cause or means in the sense of the indemnity provisions of the policies. See Order of United Commercial Travelers v. Shane, supra.

Affirmed.