## ÆTNA LIFE INS. CO. v. KENT.

### No. 6513.

Circuit Court of Appeals, Sixth Circuit.

Nov. 12, 1934.

J. C. Bills, of Detroit, Mich., and Edgar Johnson, of Grand Rapids, Mich. (Travis, Merrick, Johnson & McCobb, of Grand Rapids, Mich., and Stevenson, Butzel, Eaman & Long, of Detroit, Mich., on the brief), for appellant.

J. R. Gillard, of Grand Rapids, Mich. (Geo. S. Baldwin and Edward F. Janis, both of Grand Rapids, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

The appellee, as beneficiary of an accident insurance policy issued to her husband, Allen Kent, sued appellant, the insurer, to recover the amount stipulated in the policy to be paid in the event of the death of Kent "resulting directly and independent-

ly of all other causes, from bodily injuries effected during the term of this policy solely through accidental means." The petition alleged that Kent was accidentally killed, while the policy was in full force and effect, by a bullet discharged from a pistol in his possession, and that the killing "was wholly an accident outside the intent and purpose of the said Allen Kent or any other person." The answer admitted the killing of Kent by the discharge of a bullet from a pistol in his possession, but alleged that it was suicidal and in the alternative was not effected through accidental means. The court submitted these issues to the jury, which returned a verdict for the plaintiff, upon which there was judgment.

Kent was engaged in the practice of law in Detroit. He had been assistant prosecuting attorney for several years, but following the expiration of his term of office and until his death was engaged in defending prosecutions in the criminal courts. About two years before his death, he borrowed a pistol from the police department. It was his custom for some time thereafter to carry the pistol at night with five chambers loaded and one empty. On the day of his death he expressed an intention of returning it to Beattie, secretary to the police commissioner. He went to the police station about 2 p. m., but instead of going to the office of Beattie proceeded to the office of Piel, a friend, on another floor. While there the conversation turned to a murder trial of a few weeks before in which Kent had defended the accused and had contended that the deceased, his wife, had committed suicide. He reiterated his belief that the wife had committed suicide, and then told his friend that he would show him how she did it. He took the pistol from his overcoat pocket, as if to do so, when Piel warned him to be careful, "that thing may be loaded." He replied, "It isn't loaded," and pressing the end of the barrel against his head, pulled the trigger, exploding the only cartridge in the cylinder and discharging the bullet, which caused his death. On these facts and others admitted in evidence it is contended that the court should have directed the jury to return a verdict for the appellant at the conclusion of all the evidence on each of the defenses set up in its answer.

There was evidence from which a jury might reasonably have inferred that Kent committed suicide, but the evidence as a whole was not such as required that conclusion, and it was accordingly proper to submit the is-

sue to the jury. As to whether the evidence excludes the possibility of reasonable inference that the death was effected through "accidental means" depends on the interpretation to be placed on that term. Many cases are cited by counsel in support of their respective views of its meaning. There can be no doubt that there is much confusion in these decisions. Analyses can be of no assistance in harmonizing them or formulating a body of criteria by which all of them can be justified. Most of them rely upon United States Mutual Accident Ass'n v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60. Some of the courts relying upon this case seem to have construed "accidental means" as including an intentional act effecting an unusual or unexpected consequence or result. Among the earliest of these decisions, often cited, is Western Commercial Travelers' Ass'n v. Smith (C. C. A.) 85 F. 401, 40 L. R. A. 653. Other courts have drawn a distinction between accidental injury or death, and injury or death resulting from accidental means, by looking in the former case to the result, and in the latter to the means. Landress v. Phœnix Ins. Co., 291 U. S. 491, 54 S. Ct. 461, 78 L. Ed. 934, 90 A. L. R. 1382, affirming the decision of this court, 65 F.(2d) 232, is an authoritative and conclusive approval of this distinction. The courts accepting it have generally held that where an injury is the result of a voluntary act, in the performance of which there was a "slip or mishap," it is to be regarded as having been caused by accidental means. Cf. Maryland Casualty Co. v. Massey, 38 F.(2d) 724 (6 C. C. A.). Many courts have held, too, that the means are accidental if the doer of the voluntary act was ignorant of a material fact or circumstance which would have caused him, had he known it, to do the act differently or not do it at all. Cf. Pope v. Prudential Ins. Co., 29 F.(2d) 185 (6 C. C. A.). It has been said, though, that the doer of a voluntary act is chargeable with knowledge of the obvious and that which is usual or to be expected, and although he was ignorant of a material fact or circumstance, if he might have known it by the exercise of ordinary care it cannot be relied upon to effect accidental means. We think reason, as well as the weight of authority, supports these views. In their application there will be cases, no doubt, in which the courts will feel that the facts and circumstances require a finding that the unknown element was so clearly without the realm of reasonable anticipation as to exclude an hypothesis for accidental means. The trial court was of

opinion that the facts in this case did not justify such a finding, and left it to the jury to determine whether Kent knew or ought to have known that an undischarged cartridge was in the pistol. There was evidence, it is true, from which the jury could have inferred such actual or constructive knowledge, but other evidence justified an inference of the lack of it, and in our opinion the court rightly submitted the question to the jury. The other assignments of error are also without merit.

The judgment is affirmed.